NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3936
_____

LAMAR COLLINS,
Appellant

v.

RICHARD JONES,
Individually and in his official capacity as
police officer for the Trainer Borough Police Department
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civ. Action No. 2-13-cv-07613)
Magistrate Judge: Honorable David R. Strawbridge
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 13, 2016
_____

Before: CHAGARES, GREENAWAY, JR., and RESTREPO, *Circuit Judges*.

(Opinion Filed: November 17, 2016)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

GREENAWAY, JR., *Circuit Judge*.

Lamar Collins, Appellant, appeals the denial of a motion for a new trial in his malicious prosecution suit against Trainer Borough police officer Richard Jones, Appellee. For the reasons set forth below, we will affirm the judgment of the District Court.

## I. BACKGROUND

On October 20, 2012, Jones, a police officer with the Trainer Borough Police Department, detained Collins. Jones found in Collins's car a large Ziploc bag containing cash and two plastic bags containing what Jones perceived at the time, based on odor and appearance, to be marijuana. A field test performed at the time showed the substance in question to be marijuana. The same day, prosecution was initiated against Collins for possession of a controlled substance and possession of drug paraphernalia.

Residue from the plastic bags was sent to the state police laboratory for additional testing. That test came back negative for marijuana in a report dated January 2, 2013. Eventually, the prosecution of Collins was dropped. In response, Collins sued for malicious prosecution under Pennsylvania state law.[1]

At trial, Jones made a motion in limine to preclude from evidence the state laboratory report showing a negative result for marijuana. The Court granted that motion over Collins's objection. The jury ultimately found for Jones. Collins filed a post-trial

---

[1] Additional defendants and causes of action were included in Collins's original complaint but by the time of trial, these additional defendants and causes of action had been dismissed.

motion seeking a new trial or relief from the entry of judgment under Federal Rules of Civil Procedure 59(a)(1)(A), 59(e) and 60(b). That motion was denied and Collins now appeals.

## II. JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction over this case pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367. This Court has jurisdiction pursuant to 28 U.S.C. § 1291.

We review the District Court's decision for abuse of discretion. "The standard of review on a motion for a new trial is abuse of discretion . . . and to the extent that it involves review of evidentiary rulings we use an abuse of discretion standard." *McKenna v. City of Phila.*, 582 F.3d 447, 460 (3d Cir. 2009).

## III. ANALYSIS

The Magistrate Judge offered three reasons for precluding evidence of the negative lab report. None was an abuse of discretion.

The Court began by explaining that the lab report was not relevant under Federal Rules of Evidence 401 and therefore excludable. Evidence is only relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. Rule 402 provides that "[i]rrelevant evidence is not admissible" and Rule 403 allows the exclusion of even relevant evidence where the evidence's "probative value is substantially outweighed" by a risk of "unfair prejudice, confusing the issues, misleading the jury" or wasting time.

At issue before the jury in the malicious prosecution case was whether Officer Jones had probable cause to charge Collins on October 20, 2012. At that time, Jones had personally observed the substance and believed it to be marijuana. He had also performed a field test for marijuana, which tested positive. The results of a lab test conducted over two months later are plainly irrelevant to Jones's determination of probable cause in October. The Magistrate Judge had sound grounds on which to find this evidence irrelevant for this purpose.

Collins also argued that, even if the lab test was not admissible as direct evidence of a lack of probable cause, he should have been permitted to use it to impeach Jones's credibility. However, Collins attempted to introduce the document through the business record exception to the hearsay rule. Fed. R. Evid. 803(6). The Rule expressly requires "the testimony of the custodian or another qualified witness" or a valid certification for the record to be admissible. *Id.* Collins called no such custodian to testify. In fact, the Court offered Collins the opportunity to present such a custodian and Collins declined to do so. The Court did not abuse its discretion in requiring Collins to present a custodian as the plain text of the Rule demands.

The Court also found another form of testimony necessary to introduce the lab report: "validation" as to the reliability of the report under *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993). Finding that Collins wanted to treat the lab report as "true," and therefore as "scientific knowledge," *id.* at 590, the Court required that the evidence be "supported by appropriate validation." *Id.* The Magistrate Judge found that

Collins merely "asked us to assume the reliability of the lab report" without providing "any foundation or witness prepared to testify as to its reliability." App. Vol. I at 6. Collins offers no argument on appeal that the Magistrate Judge erred in making this determination.

Finally, the Magistrate Judge found that any error he might have made was harmless. He suggested that an error in his evidentiary decision would not have had any substantial influence on the verdict because the lab report was not available to Jones at the time of the prosecution and because the jury already knew that eventually the prosecution of Collins was dropped. Because we hold that the Court's evidentiary decision was not an abuse of discretion, we do not reach a harmless error analysis.

The cases cited by Collins in support of his position are inapposite. *Commonwealth v. Brown*, 631 A.2d 1014 (Pa. Super. Ct. 1993), discusses a state statute allowing judicial notice of chemical tests in DUI proceedings under certain conditions. This is not a DUI proceeding and that statute is inapplicable. In *Commonwealth v. Karch*, 502 A.2d 1359 (Pa. Super. Ct. 1986), while the technician who performed the relevant blood test did not testify, a physician did and explained the protocols for the test to show its reliability. *Id.* at 1361. That case addressed whether the physician could testify in place of the technician. Here, the question is not who may establish the reliability of a test but whether reliability need be established at all. Finally, Collins cites *Commonwealth v. Carter*, 932 A.2d 1261 (Pa. 2007), as making laboratory test results prima facie admissible. *Carter* does not do this. It describes when the use of a lab test –

in that case properly introduced as a business record by the lab manager's testimony, *id.* at 1262, 1265 – violates the Confrontation Clause.

These cases are not relevant to the matter at hand and do not suggest that the Magistrate Judge abused his discretion. Finding no abuse of discretion, we will affirm the decision below.

## IV. CONCLUSION

The Magistrate Judge had multiple reasons to exclude the lab report from evidence and did not abuse his discretion in doing so. We therefore will affirm.